SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

See Attachment

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ANABEL FREGOSO, an individual

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAY 1 2 2022

BY _____
MICHAEL WELCH II, DEPUTY

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Bernardino Courthouse

247 W. 3rd Street
San Bernardino, CA 92415

CASE NUMBER:
*(Número del Caso):* CIV SB 2 2 0 8 4 6 2

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Simonian & Simonian PLC; 144 N. Glendale Ave. Ste 228, Glendale, CA 91206; 818-405-0080

| DATE: MAY 1 2 2022 | Clerk, by | Michael Welch II | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

Copy

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
            ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

CIV SB 2 2 0 8 4 6 2

## **NOTICE TO DEFENDANT**

WAL-MART ASSOCIATES, INC., a Delaware Corporation; WAL-MART STORES EAST, INC., a Delaware Corporation; WALMART LLC, a California Limited Liability Company; and DOES 1 through 50, inclusive

**SIMONIAN & SIMONIAN, PLC**
SHIRAZ SIMONIAN (SBN 247150)
Email: shiraz@simonianlawfirm.com
SEVAG SIMONIAN (SBN 279232)
Email: sevag@simonianlawfirm.com
144 N. Glendale Ave., Suite 228
Glendale, CA 91206
Tel: 818-405-0080
Fax: 818-405-0082

Attorneys for Plaintiff
ANABEL FREGOSO

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

APR 2 6 2022

BY _____
MICHAEL WELCH II, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| ANABEL FREGOSO, an individual; | CASE NO.: CIV SB 2 2 0 8 4 6 2 |
| Plaintiff(s), | **VERIFIED COMPLAINT FOR DAMAGES FOR:** |
| v. | |
| WAL-MART ASSOCIATES, INC., a Delaware Corporation; WAL-MART STORES EAST, INC., a Delaware Corporation; WALMART LLC, a California Limited Liability Company; and DOES 1 through 50, inclusive, | (1) FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE § 12940 ET SEQ. |
| Defendant(s). | (2) FOR HARASSMENT IN VIOLATION OF GOV'T CODE § 12940 ET SEQ. |
| | (3) FOR RETALIATION IN VIOLATION OF GOV'T CODE § 12940 ET SEQ. |
| | (4) FOR FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION IN VIOLATION OF GOV'T CODE § 12940(k) |
| | (5) FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION OF GOVERNMENT CODE § 12940(m) |
| | (6) FOR FAILURE TO ENGAGE IN INTERACTIVE PROCESS IN VIOLATINO OF GOV'T CODE § 12940(n) |



(7)  WRONGFUL TERMINATION IN
     VIOLATION OF PUBLIC POLICY

**DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff ANABEL FREGOSO (hereinafter, "PLAINTIFF"), and for causes of action against the defendants WAL-MART ASSOCIATES, INC., WAL-MART STORES EAST, INC., WALMART LLC and DOES 1-50 (collectively, the "Defendants'), alleges as follows:

## JURISDICTION

1.   This Court is the proper court, and this action is properly filed in San Bernardino County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within San Bernardino County, and because the work that is the subject of this action was performed by PLAINTIFF in San Bernardino County.

## THE PARTIES

2.   PLAINTIFF is, and at all relevant times herein mentioned was, a resident of the County of San Bernardino, State of California.

3.   PLAINTIFF is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant WAL-MART ASSOCIATES, INC. is and was a Delaware corporation doing business at several locations within California, including, but not limited to, 6750 Kimball Avenue, Chino, California 91708, in the County of San Bernardino, State of California.

4.   PLAINTIFF is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant WAL-MART STORES EAST, INC. is and was a Delaware corporation doing business at several locations within California, including, but not limited to, 6750 Kimball Avenue, Chino, California 91708, in the County of San Bernardino, State of California.

5.   PLAINTIFF is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant WALMART LLC is and was a California limited liability company doing business at several locations within California.

**VERIFIED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

6.   The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 50, inclusive, are unknown to PLAINTIFF at this time and therefore said Defendants are sued by such fictitious names.  PLAINTIFF will seek leave of court to amend this Complaint to insert the true names and capacities of said Defendants when the same has been ascertained. PLAINTIFF is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein, and is therefore liable to PLAINTIFF as alleged hereinafter.

7.   PLAINTIFF is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter ego, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

8.   PLAINTIFF is informed and believes, and based thereupon alleges, that Defendants, and each of them, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so.  Plaintiff is further informed and believes, and based thereupon alleges, that the Defendants, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

9.   Whenever and wherever reference is made in this Complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

## PROCEDURAL BACKGROUND

10.  On February 3, 2022, PLAINTIFF filed a Charge of Discrimination complaint against WAL-MART STORES, INC. alleging wrongful termination due to discrimination, harassment and retaliation based on her disability, medical condition, and family care or medical leave with California's

**VERIFIED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1  Department of Fair Employment & Housing ("DFEH"). The DFEH issued PLAINTIFF a Right to Sue
2  letter on February 3, 2022.

3      11. On April 25, 2022, PLAINTIFF obtained an amended Right to Sue Notice from the DFEH
4  which was filed against WAL-MART STORES, INC., WAL-MART STORES EAST, LP, WAL-
5  MART ASSOCIATES, INC., and WALMART LLC.

6  **GENERAL ALLEGATIONS**

7      12. PLAINTIFF applied for an obtained a position with Defendants as a packer on or around
8  March 25, 2020.

9      13. PLAINTIFF worked out of Defendants' fulfillment center located at 6750 Kimball Avenue,
10 in the City of Chino, California 91708.

11     14. PLAINTIFF was paid at an hourly rate of $23.25 and was supervised by Aaron Finley
12 during her employment with Defendants.

13     15. On June 27, 2021, PLAINTIFF got into an automobile accident with a tractor trailer on the
14 freeway as she was traveling home after leaving work. As a result of her injures, she was immediately
15 transported to the intensive care unit at Riverside Community Hospital.

16     16. PLAINTIFF texted her supervisor, Aaron Finley, on June 30, 2021 to inform him about the
17 car accident and her injuries. PLAINTIFF provided details of what had transpired, including the date
18 of the accident, the extent of her injuries, and the fact that she was at Riverside Community Hospital.

19     17. Mr. Finley told PLAINTIFF that he would inform Defendants' Human Resource ("HR")
20 department about the matter to see what needed to be done to assist PLAINTIFF with going on a leave
21 of absence. Mr. Finley also told PLAINTIFF to "not worry about nothing-get better and take care of
22 yourself."

23     18. On July 1, 2021, at approximately 1:53 p.m., Mr. Finley texted PLAINTIFF and provided
24 her with the number to Walmart's HR department. Mr. Finley thereafter followed up with PLAINTIFF
25 around 4:16 p.m. on the same day to see how she was doing. PLAINTIFF's sister responded to Mr.
26 Finley's text and informed him that PLAINTIFF was in a lot of pain and that she had called the HR

27
28

4
**VERIFIED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1   hotline to start the disability process. Specifically, PLAINTIFF's sister called Walmart's HR hotline at

2   approximately 2:02 p.m. on July 1, 2021 to begin PLAINTIFF's disability leave.

3        19.  On July 15, 2021, Mr. Finley texted PLAINTIFF to see how she was doing and to further

4   inform her that her coworkers wanted to send her a gift. PLAINTIFF informed Mr. Finley that she had

5   been released from the hospital that morning but had another month of recovery until her ribs and pelvis

6   bone healed. PLAINTIFF ended the text with informing Mr. Finley that she would keep him updated.

7        20.  On July 23, 2021, PLAINTIFF texted Mr. Finley to thank him and her coworkers for the

8   flower she had received.

9        21.  Despite knowing the severity of PLAINTIFF's injuries and her long road to recovery,

10  Defendants terminated PLAINTIFF's employment on September 22, 2021 for "excessive absences."

11  No one from Defendants' HR department or otherwise reached out to PLAINTIFF to ascertain the status

12  of her injuries or to inquire about her return date even though she had notified her immediate supervisor

13  about the situation and her sister had contacted Defendants' HR department to begin the process of

14  disability leave.

15       22.  PLAINTIFF is further informed and believes, and based thereupon alleges, that she was

16  discriminated against by Defendants due to her disability, medical condition, and use of medical leave.

17       23.  PLAINTIFF is further informed and believes, and based thereupon alleges, that Defendants

18  harassed her due to her disability, medical condition and use of medical leave.

19       24.  PLAINTIFF is further informed and believes, and based thereupon alleges, that she was

20  retaliated against by Defendants due to reporting or resisting any form of discrimination or harassment

21  and due to her use of disability-related accommodation.

22       25.  PLAINTIFF is further informed and believes, and based thereupon alleges, that Defendants

23  wrongfully terminated her in violation of public policy.

24       26.  Defendants' conduct described herein was undertaken, authorized, and/or ratified by

25  Defendants and their officers and/or managing agents, including, but not limited to those identified

26  herein as DOES 1 through 50, who were authorized and empowered to make decisions that reflect

27  and/or create policy for Defendants. The aforementioned conduct of said managing agents and

28

5

**VERIFIED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

individuals was therefore undertaken on behalf of the Defendants. Defendants further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to PLAINTIFF at this time and are therefore identified and designated herein as DOES 1 through 50, inclusive.

27.  PLAINTIFF has been damaged as a direct result of Defendants' actions in the manners prescribed herein.

## FIRST CAUSE OF ACTION

### *FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§ 12940 ET SEQ.*

### (Against all Defendants and DOES 1-50, Inclusive)

28.  PLAINTIFF hereby incorporates and alleges all of the facts stated herein above, as though fully set forth at length herein.

29.  At all times hereto, the Fair Employment Housing Act ("FEHA"), which is codified in California Government Code §§ 12940 et seq., was in full force and effect and was binding upon Defendant.

30.  As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

31.  FEHA requires Defendants to refrain from discriminating against an employee on the basis of race, color, national origin, sex, perceived sexual orientation, disability, medical condition, and use of disability leave, among other protected characteristics; and to prevent discrimination and harassment on the basis of race, color, national origin, sex, perceived sexual orientation, disability, medical condition, use of medical leave, and engagement in protected activities from occurring.

32.  PLAINTIFF was a member of multiple protected classes as an individual with a disability and medical condition who engaged in protected activity by using disability leave.

33.  At all times relevant hereto, PLAINTIFF was performing competently in the position to be held with Defendants.

34.  PLAINTIFF suffered the adverse employment actions of unlawful discrimination, failure to prevent discrimination, and termination, and was harmed thereby.

6

35.  PLAINTIFF is informed and believes that her disability, medical condition, use of disability leave, and/or some combination of these protected characteristics under Government Code §12926(j) were motivating reasons and/or factors in the decisions to subject PLAINTIFF to the aforementioned adverse employment actions, including PLAINTIFF's termination on September 22, 2021.

36.  The above said acts of Defendants constitutes violations of the FEHA and violations of the public policy of the State of California.

37.  As a proximate cause of Defendants' discrimination based on PLAINTIFF's disability, medical condition, use of disability leave, and thereafter termination, PLAINTIFF has suffered, and continues to suffer, substantial loss in earnings, embarrassment, humiliation and mental anguish, all to her damage in an amount according to proof.

38.  At the time of the adverse employment actions as herein above alleged, PLAINTIFF was gainfully employed and, as a further legal result of the adverse employment actions of said Defendants, PLAINTIFF sustained loss of income and earnings, the amount of which will be determine at the time of trial.

39.  As a further legal result of Defendants' adverse employment actions PLAINTIFF sustained great emotional disturbance and mental and physical pain and suffering all to her damage according to proof.

40.  The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by the Defendants to cause injury to the PLAINTIFF or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of PLAINTIFF or subjected PLAINTIFF to cruel and unjust hardship in conscious disregard of PLAINTIFF's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling PLAINTIFF to punitive damages in an amount appropriate to punish or make an example of Defendants.

7

41. Pursuant to Government Code § 12965(b), PLAINTIFF requests a reasonable aware of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SECOND CAUSE OF ACTION

### *FOR HARASSMENT IN VIOLATION OF GOV'T CODE §§ 12940 ET SEQ.*

**(Against all Defendants and DOES 1-50, Inclusive)**

42. PLAINTIFF hereby incorporates and alleges all of the facts stated herein above, as though fully set forth at length herein.

43. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants.

44. As such term is used under FEHA, "on the bases enumerated in this part" means or refers to harassment on the bases of one or more of the protected characteristics under FEHA.

45. These laws set forth in the preceding paragraph require Defendants to refrain from harassing, or creating, or maintaining a hostile work environment against an employee based upon her race, color, national origin, sex, perceived sexual orientation, disability, medical condition, use of medical leave, and engagement in protected activities, as set forth herein above.

46. Defendants' harassing conduct was severe or pervasive, was unwelcome by PLAINTIFF, and a reasonable person in PLAINTIFF's circumstances would have considered the work environment to be hostile or abusive.

47. Defendants violated the FEHA and the public policy of the State of California which is embodied in the FEHA by creating a hostile work environment and harassing PLAINTIFF because of her disability, medical condition, use of disability leave, and/or some combination of these protected characteristics, as set forth herein above.

48. The above said acts were perpetrated upon PLAINTIFF by a supervisor, and/or Defendants knew or should have known of the conduct but failed to take immediate and appropriate corrective action.

49. The above said acts of Defendants constitutes violations of the FEHA and violations of the public policy of the State of California.

8

**VERIFIED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

50. As a proximate cause of Defendants' harassment based on PLAINTIFF's disability, medical condition, use of disability leave, and thereafter termination, PLAINTIFF has suffered, and continues to suffer, substantial loss in earnings, embarrassment, humiliation and mental anguish, all to her damage in an amount according to proof.

51. At the time of the adverse employment actions as herein above alleged, PLAINTIFF was gainfully employed and, as a further legal result of the adverse employment actions of Defendants, PLAINTIFF sustained loss of income and earnings, the amount of which will be determine at the time of trial.

52. As a further legal result of Defendants' adverse employment actions PLAINTIFF sustained great emotional disturbance and mental and physical pain and suffering all to her damage according to proof.

53. The foregoing conduct of Defendants individually, or by and through its managing agents, was intended by the Defendants to cause injury to the PLAINTIFF or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of PLAINTIFF or subjected PLAINTIFF to cruel and unjust hardship in conscious disregard of PLAINTIFF's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling PLAINTIFF to punitive damages in an amount appropriate to punish or make an example of Defendants.

54. Pursuant to Government Code §12965(b), PLAINTIFF requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## THIRD CAUSE OF ACTION

### FOR RETALIATION IN VIOLATION OF GOV'T CODE § 12940 ET SEQ.

#### (Against all Defendants and DOES 1-50, Inclusive)

55. PLAINTIFF hereby incorporates and alleges all of the facts stated herein above, as though fully set forth at length herein.

56. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants.

9

**VERIFIED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

57. These laws set forth in the preceding paragraph requires Defendants to refrain from retaliating against an employee for engaging in protected activity.

58. PLAINTIFF engaged in the protected activities of exercising her right to medical leave and complaining about and protesting Defendants' discriminatory and harassing conduct towards her based upon her disability, medical condition, use of disability leave, and/or some combination of these protected characteristics, as set forth herein above.

59. PLAINTIFF suffered the adverse employment actions of unlawful harassment and discrimination, failure to prevent harassment and discrimination, and termination, and was harmed thereby.

60. PLAINTIFF is informed and believes that her exercise of his right to medical leave and complaints and protestations about Defendants' discriminatory and harassing conduct were motivating reasons and/or factors in the decisions to subject her to the aforementioned adverse employment actions.

61. Defendant violated the FEHA by retaliating against PLAINTIFF and terminating her for attempting to exercise her protected rights, as set forth herein above.

62. PLAINTIFF is informed and believes, and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of Defendants and their owners/managers.

63. The above said acts of Defendants constitute violations of the FEHA and violations of the public policy of the State of California.

64. As a proximate cause of Defendants' retaliation based on PLAINTIFF's disability, medical condition, use of disability leave, and thereafter termination, PLAINTIFF has suffered, and continues to suffer, substantial loss in earnings, embarrassment, humiliation and mental anguish, all to her damage in an amount according to proof.

65. At the time of the adverse employment actions as herein above alleged, PLAINTIFF was gainfully employed and, as a further legal result of the adverse employment actions of said Defendants, PLAINTIFF sustained loss of income and earnings, the amount of which will be determine at the time of trial.

**VERIFIED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

66. As a further legal result of Defendants' adverse employment actions PLAINTIFF sustained great emotional disturbance and mental and physical pain and suffering all to her damage according to proof.

67. The foregoing conduct of Defendants individually, or by and through its managing agents, was intended by the Defendants to cause injury to the PLAINTIFF or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of PLAINTIFF or subjected PLAINTIFF to cruel and unjust hardship in conscious disregard of PLAINTIFF right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling PLAINTIFF to punitive damages in an amount appropriate to punish or make an example of Defendants.

68. Pursuant to Government Code §12965(b), Plain PLAINTIFF requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FOURTH CAUSE OF ACTION

### *FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION IN VIOLATION OF GOV'T CODE § 12940(k)*

### (Against all Defendants and DOES 1-50, Inclusive)

69. PLAINTIFF hereby incorporates and alleges all of the facts stated herein above, as though fully set forth alt length herein.

70. At all times hereto, the FEHA, including in particular Government Code §12940(k), was in full force and effect and was binding upon Defendants. This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring. As alleged above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination, harassment and retaliation from occurring.

71. The above said acts of Defendants constitutes violations of the FEHA and violations of the public policy of the State of California.

11

72.  As a proximate cause of Defendants' discrimination, harassment, and retaliation based on PLAINTIFF's disability, medical condition, use of disability leave, and thereafter termination, PLAINTIFF has suffered, and continues to suffer, substantial loss in earnings, embarrassment, humiliation and mental anguish, all to her damage in an amount according to proof.

73.  At the time of the adverse employment actions as herein above alleged, PLAINTIFF was gainfully employed and, as a further legal result of the adverse employment actions of said Defendants, PLAINTIFF sustained loss of income and earnings, the amount of which will be determine at the time of trial.

74.  As a further legal result of Defendants' adverse employment actions PLAINTIFF sustained great emotional disturbance and mental and physical pain and suffering all to her damage according to proof.

75.  The foregoing conduct of Defendants individually, or by and through its managing agents, was intended by the Defendants to cause injury to the PLAINTIFF or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of PLAINTIFF or subjected PLAINTIFF to cruel and unjust hardship in conscious disregard of PLAINTIFF right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling PLAINTIFF to punitive damages in an amount appropriate to punish or make an example of Defendants.

76.  Pursuant to Government Code §12965(b), PLAINTIFF requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FIFTH CAUSE OF ACTION

### *FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION OF GOVERNMENT CODE § 12940(m)*

77.  PLAINTIFF hereby incorporates and alleges all of the facts stated herein above, as though fully set forth at length herein.

12

**VERIFIED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

78. At all times herein mentioned, the FEHA was in full force and effect and was binding upon Defendants.

79. The FEHA requires Defendants to provide reasonable accommodations that will allow an employee suffering from physical disability to perform the essential functions of her job. Specifically, Government Code § 12940(m) makes it an unlawful employment practice for an employer to fail to make reasonable accommodations for a known physical disability of an employee.

80. After sustaining an injury on June 27, 2021 caused by an automobile accident, PLAINTIFF had a qualified physical disability which was known to Defendants by virtue of PLAINTIFF notifying her immediate managers/supervisors. PLAINTIFF had certain work restrictions as a result of her injury and physical disability which were known to Defendants. PLAINTIFF alleges that despite her work restrictions, she would have been able to perform the essential functions of her job. PLAINTIFF alleges that Defendants never inquired about or reasonably accommodated her physical disability and restrictions. Defendants subsequently terminated PLAINTIFF's employment on September 22, 2021.

81. PLAINTIFF believes and thereon alleges that the necessity for a reasonable accommodation of her physical disability and work restrictions was a motivating and substantial factor in Defendants' discrimination against her and termination of her employment.

82. As a proximate result of Defendants' willful, knowing and intentional discrimination against PLAINTIFF, by failing to provide her with reasonable accommodation concerning her physical disability, PLAINTIFF has sustained and continues to sustain substantial losses in earnings and other employment benefits.

83. As a proximate result of Defendants' willful, knowing, and intentional discrimination against PLAINTIFF, by failing to provide her reasonable accommodation concerning her physical disability, PLAINTIFF has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

84. Defendants, and each of them, have committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring PLAINTIFF, with an improper and intentional motive amounting to malice and in conscious disregard of PLAINTIFF's rights. Accordingly,

**VERIFIED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1  PLAINTIFF requests the assessment of punitive damages against Defendants, in an amount appropriate

2  to punish and make an example of it.

3      85.  PLAINTIFF has incurred and continues to incur legal expenses and attorney fees in a sum

4  according to proof.

### SIXTH CAUSE OF ACTION

*FOR FAILURE TO ENGAGE IN INTERACTIVE PROCESS IN VIOLATION OF*

*GOVERNMENT CODE § 12940(n)*

**(Against all Defendants and DOES 1-50, Inclusive)**

9      86.  PLAINTIFF hereby incorporates and alleges all of the facts stated herein above, as though

10  fully set forth at length herein.

11      87.  At all times hereto, the FEHA was in full force and effect and was binding upon Defendants.

12      88.  Government Code section 12940(n) states as follows:

It is an unlawful employment practices…for an employer or other entity covered by this part to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition

16      89.  PLAINTIFF, subsequent to her June 27, 2021 automobile accident, was an individual with

17  a physical disability in that she suffered from a medical condition which caused her to have injuries to

18  her body which resulted in a medical disability. This disability caused PLAINTIFF to be unable to

19  perform the same or similar tasks as she had performed prior to the injury without reasonable

20  accommodations. This disability required PLAINTIFF to cease or substantially reduce her strenuous

21  work conditions, to be given additional help in performing her tasks and/or being transferred to a new

22  task.

23      90.  PLAINTIFF was qualified and able to perform the essential functions at her position as

24  described in this complaint, despite her physical condition.

25      91.  PLAINTIFF attempted to inform and obtain some accommodation for her physical

26  condition from Defendants with negative results.  By failing to accommodate her medical condition

27

28

14

**VERIFIED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1    when she made the request for reasonable accommodation, Defendants violated PLAINTIFF's rights

2    guaranteed by Government Code § 12940, et seq.

3        92.   Defendants failed to engage in an Interactive Process with PLAINTIFF and discriminated

4    against her based on her physical condition.   Rather than discuss with PLAINTIFF any possible

5    accommodations, Defendants simply terminated PLAINTIFF's employment on September 22, 2021.

6        93.   PLAINTIFF's physical condition and limitations were known to Defendants, however,

7    Defendants nevertheless, intentionally, deliberately, and purposefully failed to attempt to accommodate

8    him.

9        94.   As a direct and proximate result of Defendants' actions, PLAINTIFF has been deprived of

10   her rights guaranteed under law and regulation for protection of persons with physical disabilities all to

11   her detriment and pecuniary loss.

12       95.   Defendants acted for the purpose of causing PLAINTIFF to suffer financial loss and severe

13   and emotional and physical distress and is guilty of oppression and malice, justifying an award of

14   exemplary and punitive damages.

15                              **SEVENTH CAUSE OF ACTION**

16   *FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY OF THE STATE OF*

17                                    *CALIFORNIA*

18                     **(Against all Defendants and DOES 1-50, Inclusive)**

19       96.   PLAINTIFF hereby incorporates and alleges all of the facts stated herein above, as though

20   fully set forth at length herein.

21       97.   At all relevant times mentioned in this complaint, the FEHA was in full force and effect

22   and was binding on Defendants. This law requires Defendants to refrain, among other things, from

23   discriminating, harassing, and retaliating against any employee on the basis of race, color, national

24   origin, religion, sex, perceived sexual orientation, medical condition, disability, and use of medical

25   leave, and from retaliating against any employee who engages in protected activity.

26       98.   At all times mentioned in this complaint, it was a fundamental policy of the State of

27   California that Defendants cannot discriminate, harass, and/or retaliate against any employee on the

28

**VERIFIED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

basis of disability, medical condition, use of disability leave, engagement in protected activity, and/or some combination of these protected characteristics.

99. PLAINTIFF believes and thereon alleges that her disability, medical condition, use of disability leave, and/or some combination of these protected characteristics were factors in Defendants' conduct as alleged herein above.

100. Such discrimination, harassment and retaliation, resulting in the wrongful termination of PLAINTIFF's employment on the basis of her disability, medical condition, use of disability leave, and/or some combination of these protected characteristics, PLAINTIFF's engagement in protected activity, and/or some combination of these factors, were a proximate cause in PLAINTIFF's damages as stated below.

101. When read together, the foregoing statutes establish a fundamental public policy of the State of California requiring employers to provide a safe and secure workplace.

102. The above said acts of Defendants constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above. Defendants violated these laws by retaliating against PLAINTIFF and terminating her employment in retaliation for exercise of protected rights.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment against Defendants, and each of them, as follows:

1.  For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts;

2.  For other special damages;

3.  For general damages for mental pain and anguish and emotional distress;

4.  For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter;

16

5. For punitive damages, pursuant to Civil Code §§3294 and 52.4(a) respectively, in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

6. For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, the Civil Code, and/or any other basis;

7. For post-judgment interest; and

8. For any other relief that is just and proper.

DATED: April 26, 2022                         SIMONIAN & SIMONIAN, PLC


                                              *Shiraz Simonian*
                                              SHIRAZ SIMONIAN
                                              Attorneys for Plaintiff
                                              ANABEL FREGOSO

17

**VERIFIED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

## DEMAND FOR TRIAL BY JURY

Plaintiff ANABEL FREGOSO hereby demands a trial by jury.

DATED: April 26, 2022                    **SIMONIAN & SIMONIAN, PLC**


                                         *Shiraz Simonian*
                                         SHIRAZ SIMONIAN
                                         Attorneys for Plaintiff
                                         ANABEL FREGOSO

18

## **VERIFICATION**

STATE OF CALIFORNIA          )

COUNTY OF SAN BERNARDINO )

    I, ANABEL FREGOSO, hereby declare and affirm under penalty of perjury that the factual averments contained in the foregoing Verified Complaint are true and correct to the best of knowledge, information, and belief.

Dated: April 26 , 2022

*Anabel Fregoso*
_____

ANABEL FREGOSO

**VERIFIED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Shiraz Simonian (SBN 247150) Simonian & Simonian, PLC 144 N. Glendale Ave., Suite 228 Glendale, CA 91206 TELEPHONE NO.: 818-405-0080   FAX NO.: 818-405-0082 ATTORNEY FOR *(Name):* Plaintiff ANABEL FREGOSO | F I L E D SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN BERNARDINO SAN BERNARDINO DISTRICT  APR 26 2022  BY _____ MICHAEL WELCH II, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 W. 3rd Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, 92415
BRANCH NAME: San Bernardino Courthouse

CASE NAME:
Anabel Fregoso v. Wal-Mart Associates, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CIVSB 2 2 0 8 4 6 2 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* 7 (SEVEN)
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 04/26/2022
SHIRAZ SIMONIAN
_____       _____
(TYPE OR PRINT NAME)            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 *www.courtinfo.ca.gov* |
|---|---|---|



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA  92415
www.sb-court.org
909-708-8678

| Fregoso -v- Wal-Mart Associates, Inc. et al | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number<br>CIVSB2208462 |

SIMONIAN & SIMONIAN, PLC
144 N GLENDALE AVENUE
SUITE 228
GLENDALE CA  91207

This case has been assigned to:  Brian S McCarville in Department S30 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date:  11/14/2022  at 8:30 AM in Department S30 - SBJC

The Trial Setting Conference will be held in chambers without the appearance of the parties – except for good cause shown.  (Local Rule 411.1).

Parties shall file and serve no later than 10 days prior to the trial setting conference the mandatory Initial Trial Setting Conference Statement form (local form #13-09001-360) included with this notice.  Prior to the date of the initial trial setting conference, the court may entertain a written stipulation by all appearing parties to continue the initial trial setting conference if filed at least 30 days prior to the conference.   In the event an At Issue Memorandum shall be filed and served no later than 15 days prior to the trial setting conference.

Date: 5/12/2022                                      Nancy CS Eberhardt, Court Executive Officer

By: _____
        Michael Welch II, Deputy Clerk

------------------------------------------------------------------

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:
- ☐ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.
- ☐ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.
- ☐ A copy of this notice was given to the filing party at the counter.
- ☒ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing: 5/12/2022

I declare under penalty of perjury that the forgoing is true and correct.  Executed on 5/12/2022 at San Bernardino, CA.

By: _____
        Michael Welch II, Deputy Clerk